UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  06-60946-CIV-COHN/SNOW

STEPHEN COMBS,

    Plaintiff,

vs.

TOWN OF DAVIE, a municipal
corporation, and MATTHEW DRAKE,

    Defendants.
_____/

# ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 23, 2007 ORDER

**THIS CAUSE** came before the Court on Defendants' Objection to Magistrate Judge's Order on Plaintiff's Motion for Protective Order [DE 41].  The Court has reviewed the Motion for Protective Order [DE 29], amended at DE 30, Defendants' Response [DE 37], Plaintiff's Reply [DE 39], Judge Snow's Order [DE 40], and the applicable law, and is otherwise duly advised in the premises.

## I. Legal Standard for a Protective Order

A protective order may be issued under Fed. R. Civ. P. 26(c) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In determining whether to issue a protective order, courts have an obligation to weigh the interests of the party seeking the discovery against the opposing party's interests in preventing it.  <u>Farnsworth v. Procter & Gamble</u>, 758 F.2d 1545, 1547 (11th Cir. 1985).

## II. Standard of Review

Upon review of Objections made to a Magistrate Judge's non-dispositive pretrial order, the District Court considers the Objections and must set aside any portion of the Order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## III. Analysis

This Court agrees with Judge Snow that the substantial burden on the Plaintiff of scheduling these depositions, combined with the embarrassment related to the testimony sought, are strong considerations weighing in favor of the protective order, and that the Defendants opposition to the Motion for Protective Order provided no indication of what relevant evidence, if any, they hoped to obtain by deposing these witnesses. Defendants now allege for the first time in their Objections that witnesses Angela Parise, Autumn Fischer, and Steven Fischer have knowledge concerning the Plaintiff's activities on the date of his arrest[1] and of his prior mental condition. Thus, the Court is presented with the question of whether it should consider evidence or argument submitted for the first time in Objections to the Magistrate Judge's Order.

The Eleventh Circuit has not been presented with the precise legal question of whether a District Court must consider arguments made for the first time in objections to a Magistrate Judge's Order on a non-dispositive motion. In Stephens v. Tolbert, the Eleventh Circuit held that a District Dourt does not abuse its discretion where it elects to consider such evidence. 471 F.3d 1173 (11th Cir. 2006). In that case, however, the

---

[1] Defendants refer to the "date of his arrest" generally; the Court infers that Defendants refer to the date of the arrest by Detective Drake, which constitutes the basis for the instant Complaint.

Magistrate Judge had issued a Report and Recommendations on a dispositive motion, and the District Court chose to consider new arguments in its *de novo* review of the matter before issuing a final order.  The Eleventh Circuit noted that the relationship between the Magistrate Judge and the District Court in this context was not the same as the relationship between a District Court and an appellate court, because the Magistrate Judge lacks authority to make a final and binding ruling on a dispositive motion and the District Court retains broad discretion over the Report and Recommendation.  Id. at 1176.  Indeed, Article III of the Constitution requires that in the consideration of dispositive motions, the District Court retain total control and jurisdiction over the matter and retain the ultimate authority to issue the appropriate order.  Thomas v. Arn, 474 U.S. 140, 154 (1985).

A District Court's consideration of Objections to a Magistrate Judge's Order on a non-dispositive matter, however, presents a very different situation.  When Objections are made to a Magistrate Judge's non-dispositive pretrial order, the District Court considers the Objections and sets aside any portion of the Order found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  This "clearly erroneous" review is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function.  For that reason, the Third Circuit has held that it is inappropriate for a District Court to consider materials not before the Magistrate Judge in reaching the conclusion that the Magistrate Judge's decision was clearly erroneous.  See Haines v. Liggett Group, Inc., 975 F.2d 81 (3d Cir. 1992).

Policy reasons also support the conclusion that a District Court should not

3

consider arguments in this context that were not presented to the Magistrate Judge. The purpose of referring non-dispositive pretrial motions to a Magistrate Judge is to increase the efficiency of the system, and allowing parties the opportunity to fully re-litigate every pretrial Order with which they are dissatisfied would frustrate that purpose. Further, the "clearly erroneous" standard of review contemplates a certain amount of deference to the findings of the Magistrate Judge on those matters on which she has the power to make a final determination.

Finally, even if a District Court has the discretion to consider arguments not presented to the Magistrate Judge when considering Objections, it likely is not obligated to do so. Although declining to decide this precise issue in Stephens, the Eleventh Circuit emphasized the "broad discretion" of the District Court. This Court believes that this "broad discretion" encompasses the discretion to decline to consider arguments not raised before the Magistrate Judge, especially, as here, in the consideration of Objections to a non-dispositive pretrial Order. Accordingly, the Court declines to consider Defendants' assertion in their Objections that three of the witnesses they seek to depose may have knowledge of relevant facts.

## IV. Conclusion

The Court finds that the findings and conclusions in Judge Snow's January 23, 2007 Protective Order are not clearly erroneous or contrary to law. Defendants seek to depose the officers, witnesses, and complainant in a criminal case against the Plaintiff for lewd conduct. This case arose months prior to the arrest at issue in the instant case. In the arguments presented to Judge Snow, Defendants gave no clear indication of what relevant evidence, if any, they hoped to obtain through these depositions.

Presented with no compelling need for the discovery from the Defendants, Judge Snow's balancing of the Defendants' interests against the Plaintiff's correctly resulted in the decision to grant the Protective Order.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Objection to Magistrate Judge Lurana Snow's Order on Plaintiff's Motion for Protective Order [DE 41] is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 28th day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

United States Magistrate Judge Lurana S. Snow
Counsel of record